IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JAMES WALKER, ET AL.                                                                    PLAINTIFFS

V.                                                                    CAUSE NO.: 4:14CV142-SA-SAA

CORRECTIONS CORPORATION OF AMERICA, and
CCA OF TENNESSEE, LLC                                                                   DEFENDANTS

ORDER ON MOTION TO TRANSFER TRIAL

Despite this case originating in the Greenville Division of the Northern District of Mississippi, the trial of this case was set for January 25, 2016 in Aberdeen, Mississippi, in line with this district's customary practice for judges to try cases at their respective "duty stations." *See Williams v. City of Cleveland*, 848 F. Supp. 2d 646, 648 (N.D. Miss. 2012). Plaintiffs now seek to have the trial of this matter transferred to the Greenville courthouse.

This case involves the allegations of twenty-five Plaintiffs who claim that their employer, Corrections Corporation of America, willfully violated the Fair Labor Standards Act by wrongfully classifying their positions as "exempt," so that overtime was not required under the federal statute. Three of those Plaintiffs have provided sworn declarations contending that child care needs, as well as cancer treatment and access to her treating physician, necessitate moving the trial from Aberdeen to Greenville.

This district has addressed its policy regarding divisional venue and the utility of judges setting trials at their duty station despite the division in which the case was filed. *See Williams*, 848 F. Supp. 2d at 651; *Beck v. Koppers, Inc.*, 2006 U.S. Dist. LEXIS 51628, 2006 WL 2228918, at *1 (N.D. Miss. July 25, 2006); *Johnson v. Lewis*, 645 F. Supp. 2d 578 (N.D. Miss. 2009); *Johnson v. Merchant*, 628 F. Supp. 2d 695 (N.D. Miss. 2009); *Dulin v. Board of Com'rs of Greenwood Leflore Hosp.*, 2009 U.S. Dist. LEXIS 95900, 2009 WL 3349169 (N.D. Miss. Oct.

15, 2009); *Estate of Boles v. Nat'l Heritage Realty, Inc.*, 2010 U.S. Dist. LEXIS 51604, 2010 WL 2038570 (N.D. Miss. May 20, 2010); *In re Gibson*, 423 F. App'x 385 (5th Cir. 2011). However, those cases "do not suggest that [the Northern District's] adoption of divisional venue practices means that no circumstances requiring divisional transfer might arise in this district." *Lewis*, 645 F. Supp. 2d at 583.

Venue may be transferred "for the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In light of the considerations expressed in *Williams,* 848 F. Supp. 2d at 651, the Northern District of Mississippi's divisional venue policy, as well as the Fifth Circuit's pronouncement in *In re Radmax, Ltd.*, 720 F.3d 285 (5th Cir. 2013), the Court finds that Plaintiffs have satisfied the burden of showing that transferring the trial to the Greenville courthouse will be "clearly more convenient." *In re Radmax,* 720 F.3d at 288.

Accordingly, the Motion to Transfer Trial Venue [53] is GRANTED. The trial shall be re-set to the Greenville courthouse by separate notice.

SO ORDERED, this the 17th day of August, 2015.

                                             /s/ Sharion Aycock
                                             **U.S. DISTRICT JUDGE**