IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JAMES WALKER, ET AL.                                                              PLAINTIFFS

V.                                            CAUSE NO.: 4:14CV142-SA-SAA

CORRECTIONS CORPORATION OF AMERICA, and
CCA OF TENNESSEE, LLC                                        DEFENDANTS

MEMORANDUM OPINION

The Defendants have filed a Motion for Partial Summary Judgment [113] seeking summary adjudication on four aspects of the Plaintiffs' claims. Plaintiffs have responded, and the motion is ripe. Considering the motion, responses, rules and authorities, the Court finds as follows:

*Factual and Procedural Background*

Plaintiffs consist of twenty-three employees at the Adams County Correctional Center or Tallahatchie County Corrections Facility, both of which are operated by the Defendants.[1] Plaintiffs are or have been employed as Assistant Shift Supervisors and/or Shift Supervisors at these facilities and contend those positions have been misclassified as "exempt" under the Fair Labor Standards Act (FLSA).

There is no dispute that the Shift Supervisor and Assistant Shift Supervisor positions were paid a set salary regardless of the number of hours worked in a week, as long as the employees worked at least eighty hours in a two week pay period. However, Plaintiffs argue that under the CCA's Paid Time Off Policy No. 3-5-2, deductions were made from employees' pay if the employee had exhausted their accrued paid time off, including any advanced paid time off

---

[1] Defendants have moved to dismiss Plaintiffs Debra Johnson and Irene Toy for failure to prosecute after these two plaintiffs failed to appear for their scheduled deposition. Plaintiffs' attorney responded that he had not been able to reach these two plaintiffs. The Court finds that Debra Johnson and Irene Toy have failed to prosecute this action and are dismissed as plaintiffs in this case. *See* FED. R. CIV. P. 41(b). Motion to Dismiss [106] is granted.

provided under the PTO policy. Several Plaintiffs testified that this means in practice that so-called "exempt" employees' pay was being regularly docked if a full schedule of hours was not worked and if all paid time off was exhausted or had yet to accrue. Thus, the Plaintiffs contend that their pay was being docked for non-disciplinary absences, which should qualify them as "non-exempt." Plaintiffs bring this cause of action under the FLSA.

Defendants seek partial summary judgment on the following four points: (1) that Plaintiffs satisfy the "salary basis" element of executive and administrative exemptions; (2) that the appropriate measure of potential damages is limited to half-time premium as Plaintiffs were paid a salary as compensation for all hours worked; (3) that the Court should deny liquidated damages because CCA acted in good faith and with reasonable grounds to believe the employees are exempt; and (4) that there is no evidence of willful violations, so the two year statute of limitation should apply.

*Summary Judgment Standard*

Federal Rule of Civil Procedure 56 governs summary judgment. Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323, 106 S. Ct. 2548. The nonmoving

party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the non-movant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little*, 37 F.3d at 1075.

*Analysis and Discussion*

1. "Salary Basis" Element

Defendants seek a summary adjudication that Plaintiffs were each compensated more than $455 per week, and accordingly, would satisfy the salary basis element of establishing an executive or administrative exemption under the FLSA. Both executive and administrative exemption definitional elements include the requirement that the employee be "[c]ompensated on a salary basis at a rate of not less than $455 per week . . . exclusive of board, lodging or other facilities." 29 C.F.R. § 541.100(a)(1); 29 C.F.R. § 541.200(a)(1).

Plaintiffs do not dispute that the compensation paid Plaintiffs would satisfy the salary basis element. Summary judgment on this basis is granted.

2. Fluctuating Work Week

Defendants contend that because the Plaintiffs understood that they received a fixed salary for all hours worked, and the Compensation Policy outlined the same, the proper methodology for computing any overtime damages allegedly due would be the "fluctuating work week" (FWW) method. Under that calculation method, the Court would divide the weekly salary by the number of hours actually worked, then multiply 0.5 by the number of hours worked overtime to total the amount of overtime owed for a particular week. Plaintiffs contend that the narrow circumstances allowing the half-time premium are not in effect here and that genuine disputes of material fact exist.

Generally, FLSA requires employers to pay an employee one and one-half times the employee's "regular rate" for all hours worked in excess of forty hours. *See* 29 U.S.C. § 207(a)(1). The "regular rate" is the hourly rate at which the employer pays the employee for normal, nonovertime hours in a forty-hour workweek. *See Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 65 S. Ct. 1242, 1244-45, 89 L. Ed. 1705 (1945). But, FLSA implementing regulations provide for an alternative way to satisfy the FLSA's overtime pay requirement and calculate the compensation of certain salaried employees: the fluctuating workweek method. *See* 29 C.F.R. § 778.114; *Samson v. Apollo Resources, Inc.*, 242 F.3d 629, 636 (5th Cir. 2001) ("[T]he FWW method is one method of complying with the overtime payment requirements of 29 U.S.C. § 207(a)(1)."). The fluctuating workweek method of payment allows an employee whose hours fluctuate from week to week to be compensated at a fixed amount per week as straight-time pay irrespective of the number - few or many - of hours worked. *Davis v. Friendly Exp., Inc.*, No. 02-14111, 2003 WL 21488682, at *1 (11th Cir. Feb. 6, 2003). The FWW is an employment arrangement in which an employee receives a fixed

4

weekly pay for a fluctuating work schedule with a varying number of hours worked each week. *Black v. SettlePou, P.C.*, 732 F.3d 492, 496 (5th Cir. 2013).

Payment for overtime hours under this method is at one-half times regular-rate instead of the standard one and one-half time rate because the straight-time rate already includes compensation for all hours worked. The regular-rate of hourly compensation will vary from week to week depending on the number of actual hours worked in any given workweek; it is calculated by dividing the number of hours worked into the amount of the straight-time salary. The mathematics of this payment structure means "the more the employee works and the more overtime the employee logs, the less he or she is paid for each additional hour of overtime." *Monahan v. County of Chesterfield, Va.*, 95 F.3d 1263, 1280 (4th Cir. 1996).

The regulations, 29 C.F.R. § 778.114, permit the fluctuating workweek method of calculating compensation under FLSA only if (1) the employee clearly understands that the straight-salary covers whatever hours he or she is required to work; (2) the straight-salary is paid irrespective of whether the workweek is one in which a full schedule of hours are worked; (3) the straight-salary is sufficient to provide a pay-rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours worked is greatest; and (4) in addition to straight-salary, the employee is paid for all hours in excess of the statutory maximum at a rate not less than one-half the regular rate of pay.

The Plaintiffs contend that because a straight salary was not paid whether or not a full schedule of hours were worked, the fluctuating work week compensation is not applicable. Indeed, Plaintiffs have put forth evidence that workers without paid time off who required time away from the job site were not paid the straight salary, and in fact, had money deducted from their pay check. Because several of the Plaintiffs testified by deposition that they understood the

salary would compensate them for all hours worked in a pay period, the Court finds that genuine disputes of material fact abound as to the understanding between employer and employee about their time. Accordingly, the Court denies Defendant's request for summary judgment as to this issue.

    3. Liquidated Damages

The FLSA, 29 U.S.C. § 216(b), allows for liquidated damages to be awarded for FLSA violations in an amount "equal" to actual damages. *Ransom v. M. Patel Enters.,* 2013 U.S. App. LEXIS 17142, *28, 2013 WL 4523588 (5th Cir. Aug. 16, 2013). The general rule is that the court should award the amount found for actual damages as liquidated damages. *See Singer v. City of Waco, Tex.,* 324 F.3d 813, 822–23 (5th Cir.2003). Because genuine disputes of material fact exist as to the amount of damages, if any, available in this case, the Court denies summary judgment on this issue.

    4. Statute of Limitations

The issue of whether a particular FLSA violation was "willful" determines the statute of limitations that applies to that violation. *See* 29 U.S.C. § 255(a). If the violation was not willful, then a two-year statute of limitations applies. *Id.* If the violation was willful, however, a three-year statute of limitations applies, allowing employees to collect three years of unpaid wages and/or overtime compensation. *Singer*, 324 F.3d at 821. Under the FLSA, a violation is "willful" if the employer either "'knew or showed reckless disregard for . . . whether its conduct was prohibited by the statute.'" *Id.* (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S. Ct. 1677, 100 L. Ed. 2d 115 (1988)). The burden of showing that an FLSA violation was "willful" falls on the plaintiffs. *See id.*; *Stokes v. BWXT Pantex, LLC*, 424 F. App'x 324, 326 (5th

Cir. 2011); *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 636 (5th Cir. 2001) ("Generally, a plaintiff suing under the FLSA carries the burden of proving all elements of his or her claim.).

Genuine issues of material fact exist as to whether the alleged violations of the FLSA were willful such that the three year statute of limitations apply to this action. Plaintiffs cite two settled civil cases between Defendants and other allegedly misclassified employees in the same positions as Plaintiffs. Defendants counter that the New Jersey and United States Departments of Labor both conducted investigations into the classification of the Assistant Shift Supervisor position and neither concluded that the position was misclassified. Evidence in the record suggests a genuine dispute of material fact as to whether Plaintiffs have failed to sustain their burden to prove willful conduct. Accordingly, summary judgment on this basis is denied.

*Conclusion*

Defendants' Motion for Partial Summary Judgment [113] is GRANTED IN PART and DENIED IN PART. Plaintiffs confess that they meet the salary basis element of the administrative and executive exemptions. The Court finds that genuine disputes of material fact as to all other issues raised preclude summary judgment.

SO ORDERED, this the 4th day of February, 2016.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**