IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JAMES WALKER, ET AL.                                                                    PLAINTIFFS

V.                                                               CAUSE NO.: 4:14CV142-SA-SAA

CORRECTIONS CORPORATION OF AMERICA, and
CCA OF TENNESSEE, LLC                                                                  DEFENDANTS

ORDER ON STIPULATED SETTLEMENT

The parties have filed a joint Stipulation to Dismiss Claims of Settling Plaintiffs with Prejudice and to Drop Settling Plaintiffs Pursuant to Rules 21 and 41 of the Federal Rules of Civil Procedure [123]. In particular, the parties note that there is a "bona fide dispute regarding the merits of Settling Plaintiffs' claims in the action that they were misclassified as 'exempt' from the overtime provisions of the FLSA during their employment as Assistant Shift Supervisors." Such stipulation does not ask for the Court's oversight of the settlement, but requests that the Court dismiss Plaintiffs' Assistant Shift Supervisor claims with prejudice and terminate those Plaintiffs as party opponents.

The general rule is that FLSA claims cannot be waived. *See Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 714, 65 S. Ct. 895, 89 L. Ed. 1296 (1945). Accordingly, many courts have held that, in the absence of supervision by the Department of Labor or scrutiny from a court, a settlement of an FLSA claim is prohibited. *See, e.g., Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1355 (11th Cir. 1982) ("Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, *in a suit brought by the*

*employees under the FLSA,* is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.") (emphasis added).

Nevertheless, the Fifth Circuit has excepted, from this general rule, unsupervised settlements that are reached due to a bona fide FLSA dispute over hours worked or compensation owed. *See Martin v. Spring Break '83 Prods, L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012). In doing so, that Court reasoned that such an exception would not undermine the purpose of the FLSA because the plaintiffs did not waive their claims through some sort of bargain but instead received compensation for the disputed hours. *Id.* at 257. The *Martin* exception does not apply to the instant case because the stipulation here concerns a "compromise of guaranteed FLSA substantive rights themselves," which has not been approved for unsupervised settlement. *See Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164-65 (5th Cir. 2015).

Accordingly, if the parties wish to settle their claims, a Motion for Settlement must be filed and the terms must be disclosed (at least in camera) and approved by the Court.

SO ORDERED, this the 9th day of February, 2016.

    /s/ Sharion Aycock
    **U.S. DISTRICT JUDGE**