IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JAMES WALKER, ET AL.                                                                                          PLAINTIFFS

V.                                                                                     CAUSE NO.: 4:14CV142-SA-SAA

CORRECTIONS CORPORATION OF AMERICA, and
CCA OF TENNESSEE, LLC                                                                                      DEFENDANTS

ORDER ON MOTIONS

Trial of this matter is scheduled to commence next week. Numerous motions have been filed in these last weeks prior to trial. The Court addresses them here:

1. Defendants' First Motion in Limine [119]

Defendants filed a First Motion in Limine [119] seeking to exclude all evidence regarding "any other claims, lawsuits, and settlements in which CCA was a party" on the grounds that such evidence is inadmissible and irrelevant under the Federal Rules of Evidence.

Defendants claim that pursuant to Federal Rule of Evidence 408, as well as 401, 402, and 403, that evidence of settlement and resolution of past litigation is inadmissible. Federal Rule of Evidence 408 excludes from admission certain evidence "offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount," including "conduct or statements made in compromise negotiations regarding the claim." FED. R. EVID. 408; *Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 294 (5th Cir. 2010). By its terms, Rule 408 protects only "conduct or statements made in compromise negotiations" regarding "a claim that was disputed as to validity or amount." FED. R. EVID. 408. This protection extends to legal conclusions, factual statements, internal memoranda, and the work of non-lawyers and lawyers alike so long as the communications were "intended to be part of ... negotiations toward compromise." *Id.*

Plaintiffs state that "[t]he only thing Plaintiffs intend to introduce at trial is the settlement *Johnson v. Corrections Corporation of America*, (W.D. Ky. 3:12-cv-00246-JGH), *Demetria McFadden, individually and on behalf of a class of similarly situated v. Corrections Corporation of America*, (U.S.D.C., Kansas, Cause No. 09-cv-2273) and testimony regarding same." Plaintiffs then go on to state that the *Johnson* case involved claims by both Assistant Shift Supervisors and Shift Supervisors, while *McFadden* was a class action misclassification case concerning Assistant Shift Supervisors. Plaintiffs contend the evidence is admissible to show that the Defendants' violation of the FLSA was willful.

Plaintiffs assert that the Court made evidence of prior litigation relevant in the Memorandum Opinion on the partial summary judgment, by citing such evidence as creating genuine issues of material fact as to CCA's good faith defense and the question of whether CCA acted willfully in the alleged misclassification of Plaintiffs' positions. Defendants did not object to the admissibility of this evidence at the summary judgment phase. *See Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 175–76 (5th Cir. 1990), *cert. denied,* 510 U.S. 859, 114 S. Ct. 171, 126 L. Ed. 2d 131 (1993) (holding summary judgment evidence to the same rules that govern admissibility of evidence at trial).

The only remaining claims in this case are in regards to the Shift Supervisor position. At the time of partial summary judgment, both Shift Supervisor and Assistant Shift Supervisor positions were at issue. At this point in the proceeding, the Court can only conclude that *McFadden* is not relevant or admissible under Rule 402, as it involved a class action and the Assistant Shift Supervisor position, neither of which is present here. A hearing on the admissibility of the *Johnson* settlement will be held during the trial outside the presence of the jury in order to fully develop the record.

Defendants' First Motion in Limine [119] is GRANTED IN PART and DEFERRED IN PART.

2. Defendants' Second Motion in Limine [121]

Defendants seek an order precluding Plaintiffs' counsel from referring to CCA's size or wealth, any of Plaintiffs' wealth or lack thereof, the fact that CCA is not headquartered in Mississippi, the fact that CCA's counsel is from outside Mississippi, CCA's counsel's specialty, or the size and location of CCA's counsel's offices. Defendants contend such information is irrelevant, immaterial, and prejudicial under the Rules of Evidence.

a. Comments about CCA

Plaintiffs contend that factually, the jury is entitled to hear that CCA is a private, for-profit corporation and not run by any city, county, or state government. Plaintiffs argue that its' for-profit status also provides a motive for erroneously maintaining that Plaintiffs are exempt. The Court finds that such evidence may be relevant to the jury's consideration. An objection at trial may be entertained if Defendants feel the introduction of such evidence is unfairly prejudicial.

b. Location of CCA Headquarters

Plaintiffs note that several of Defendants' witnesses are necessarily from its out-of-state headquarters. Plaintiffs contend that in order to classify employees, firsthand knowledge observing those Shift Supervisors at work would be necessary. Ben Elrod, CCA's Human Resource Compliance Manager, is in charge of classifying exempt employees and is located in Nashville, Tennessee. Plaintiffs feel the location of the CCA Headquarters is relevant to the inquiry of how those employees were classified, as no one from CCA physically observed them performing their job duties.

Defendants' request to limit testimony as to the place of CCA's headquarters is overruled without prejudice. If, at trial, Defendants feel that this information is being used in an unfairly prejudicial way, an objection may be necessary.

      c. Remaining Issues

Plaintiffs agree that information regarding CCA's counsel is immaterial to this trial. Defendants Second Motion in Limine [121] is GRANTED IN PART and DENIED IN PART.

      3. <u>Motion to Reconsider Trial Venue Transfer</u> [144]

Defendants also ask the Court to reconsider the Court's grant of Plaintiffs' motion to transfer the trial venue to Greenville instead of Aberdeen. Defendants contend that the hardships and inconvenience cited by the Court in its Order transferring trial venue have significantly diminished; therefore, the correct trial venue is either in Aberdeen or Oxford. The Court entered the Order transferring the trial to Greenville on August 17, 2015 [99]. Defendants filed their reconsideration request on February 19, 2016 [144].

Practically speaking, the move of trial venue at this late date is not possible. Jury summons are typically issued one month prior to the trial date. Those summonses have been sent out to our "Greenville Division" pool of jurors. Those summons request certain information be returned to our Court "within 10 days." The prospective jurors for next week's trial have already responded, and a jury list has been compiled by the Jury Clerk of our Court. Even without such steps having been taken, however, there is not enough time to physically mail to an Oxford or Aberdeen pool of jurors summonses for the next week.

Courtroom availability is another issue entirely. Each courthouse in our district has a District Judge, Senior Judge, and Magistrate Judge assigned with numerous proceedings scheduled during the day. A review of the witness lists show at least forty witnesses which may

be called. The Court must have available witness rooms sufficient to house those witnesses for an extensive week long trial. As of August of 2015, the Court has reserved the space necessary in the Greenville Courthouse. Attempting to move a seven day trial at this late hour and finding the space to do so is prohibitive.

Finally, the Court notes that the so-called "diminished" hardships cited by Defendants as a reason to move the trial back to Aberdeen have been sufficiently rebutted by the Plaintiffs. Defendants' Motion for Reconsideration of the Order granting Plaintiffs' Motion to Transfer [144] is DENIED.

4. <u>Motion for Leave for Plaintiffs to Attend without Unlawful Interference [142]</u>

Plaintiffs contend that Defendants intend to deny Paid Time Off (PTO) to Plaintiffs for attending their trial scheduled March 7. Plaintiffs state that Defendants intend to deny those Plaintiffs that have not accrued enough PTO or have exhausted their PTO leave the ability to attend their trial against Defendants, or make deductions from Plaintiffs' paycheck. Additionally, Plaintiffs suspect that Defendants intend to assess discipline points to those employees that choose not to attend work to participate in their lawsuit against Defendants.

Defendants assert that the PTO Policy will be neutrally enforced, and that Plaintiffs have not offered any legal support suggesting that an employee can "flout" an employer's leave policy with impunity because he has sued his employer. According to Defendants, no Plaintiff has actually requested PTO to attend the trial. Plaintiffs have failed to respond regarding their request for leave.

With no live controversy, the Court finds it unnecessary to address Plaintiffs' request that the Court "prevent retaliation." Plaintiffs' motion is DENIED.

5. <u>Motion to Open and Close [146]</u>

Defendants ask for permission to vary the presentation of evidence in this case. Specifically, Defendants seek to open and close argument and initiate the presentation of evidence at trial as Plaintiffs have already established by stipulation a prima facie case under the FLSA. Defendants contend that the primary question at trial is whether Defendants can establish that Plaintiffs were properly classified as exempt from overtime provisions of the FLSA. As such, Defendants bear the burden of proof.

Plaintiffs object and contend that Defendants relented and entered into a stipulation concerning hours worked and damages to obtain a strategic advantage.

Federal Rule of Evidence 611 allows the court to

> exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to:
>
> a. Make those procedures effective for determining the truth;
>
> b. Avoid wasting time; and
>
> c. Protect witnesses from harassment or undue embarrassment.

The parties have stipulated that CCA is an "employer" and Plaintiffs were "employees" as defined by the FLSA, and that Defendants were subject to the requirements of the FLSA. The parties have additionally stipulated to "hours worked" and overtime premiums that would be owed by CCA in the event that it is determined that CCA misclassified those Plaintiffs.

In this case, the Plaintiffs have the burden to prove that the FLSA was violated, and that the violation was willful. *See Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 356 (5th Cir. 1990). The Plaintiffs additionally bear the burden to prove their "regular rate" for proper damage calculation. *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 636 (5th Cir. 2001). Once the FLSA violation is established, the burden shifts to Defendants to prove that the employees were

properly exempt. *See Corning Glass Works v. Brennan,* 417 U.S. 188, 196–97, 94 S. Ct. 2223, 41 L. Ed. 2d 1 (1974) ("[T]he application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof.").

The Court finds it more prudent to follow the traditional presentation of evidence model. Plaintiffs will have the opportunity to put before the jury the fact that they are or were employed as Shift Supervisors, worked in excess of forty hours a week, and were not paid compensation for hours worked over forty hours prior to the Defendants asserting that the Plaintiffs are permissibly exempt from the overtime provisions. This presentation of evidence will be more relatable to the jury, than if the Defendants opened and closed.

Defendants' Motion to Open and Close [146] is DENIED.

*Conclusion*

1. Defendants' First Motion in Limine [119] is GRANTED IN PART and DEFERRED IN PART.

2. Defendants' Second Motion in Limine [121] is GRANTED IN PART and DENIED IN PART.

3. Defendants' Motion to Reconsider the Transfer of Trial Venue [144] is DENIED.

4. Plaintiffs' Motion to Prevent Retaliation [142] is DENIED

5. Defendants' Motion to Open and Close [146]is DENIED.

SO ORDERED, this the 2nd day of March, 2016.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**