IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JAMES WALKER, ET AL.                                                                    PLAINTIFFS

V.                                                              CAUSE NO.: 4:14CV142-SA-SAA

CORRECTIONS CORPORATION OF AMERICA, and
CCA OF TENNESSEE, LLC                                                                   DEFENDANTS

ORDER ON MOTION TO RECONSIDER

Defendants contend that the Court misapplied Fifth Circuit binding precedent in refusing to grant partial summary judgment as to the "half-time" damages approach [155]. Defendants reflect that Fifth Circuit precedent directs that when an employee's wages provide compensation for all hours worked, courts must instead rely on the half-time approach endorsed by the Supreme Court in *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 62 S. Ct. 1216, 86 L. Ed. 1682 (1942).

The Memorandum Opinion that the Defendants ask the Court to reconsider was filed on February 4. The Motion to Reconsider was not filed until February 24, 2014, twelve days before trial was to commence. The Plaintiffs have requested an extension of time to respond to the reconsideration and ask to serve their response ten business days following the completion of trial. Defendants contend that they are entitled to a reconsidered ruling based on the summary judgment record. Unfortunately, the untimeliness of the Motion to Reconsider precludes Plaintiffs from responding prior to trial. The motion to reconsider could not possibly be ripe until after the trial of this matter. Because of the fact issues cited below, there is no need for Plaintiffs to respond. The Motion for Extension of Time [157] is denied.

In that Memorandum Opinion, the Court cited the elements of the fluctuating workweek regulation, 29 C.F.R. § 778.114, and found genuine issues of material fact as to the whether the

"employee clearly understands that the straight-salary covers whatever hours he or she is required to work." Indeed, the Court found confusion among the then-existing Plaintiffs as to why money was deducted from their check when they exhausted their paid time off, along with their averments that they understood the salary would compensate them for all hours worked.

The Fifth Circuit in *Ransom v. M. Patel Enters., Inc.*, 734 F.3d 377, 381 (5th Cir. 2013), rejected that approach to determining damages and instead held that the appropriate inquiry was whether "the overwhelming evidence shows that the plaintiffs' salary was intended to compensate all hours worked, and that those hours would fluctuate." 734 F.3d 377, 381 (5th Cir. 2013) (citing *Missel*, 316 U.S. at 574-76). Indeed, as admitted by the Defendants, "[t]he **only** fact question pertinent to the methodology for calculating overtime in a misclassification case is whether the plaintiff's wages were intended to compensate the employee for all hours worked. *Ransom*, 734 F.3d at 381." The "course of conduct, along with the parties' initial understanding of the employment arrangement," is examined to determine how many hours the salary is "intended to compensate." *Id*. at 386 (citing *Singer v. City of Waco, Tex.*, 324 F.3d 813, 824-25 (5th Cir. 2003)).

Because the inquiry under which the Court held there to be genuine disputes of material fact, "whether the employee clearly understands that the straight-salary covers whatever hours he or she is required to work," is similar enough to the *Ransom* inquiry, "whether those wages were intended to compensate the employee for all hours worked" based on the parties' understanding of the employment arrangement and course of conduct under the contract, the Court finds reconsideration is unnecessary. A review of the facts and evidence as they were at the time of the partial summary judgment reveal that the same decision would have been made. The depositions of the original twenty-five Plaintiffs expose that many were unclear as to whether the

wages were intended to compensate them for all hours worked. Indeed, numerous Plaintiffs made mention of their paycheck referencing an hourly wage, and that their biweekly check was for eighty hours. The same is true looking at the record as it stands as to the remaining Plaintiffs even under the *Missel* standard.

Regardless, "[e]ven in cases where the movant has technically discharged his burden, the trial court in the exercise of a sound discretion may decline to grant summary judgment." *National Screen Service Corp. v. Poster Exchange, Inc.*, 305 F.2d 647, 651 (5th Cir. 1962) (citing Moore's Federal Practice, 2d Ed. P56.23, p. 2340). "It is the movant's burden to exclude any real doubt as to the existence of any genuine issue of material fact." *Lloyd v. Lawrence*, 472 F.2d 313, 317 (5th Cir. 1973). Indeed, the Defendants as the movants had the burden of "positively and clearly demonstrating that there is no genuine issue of material fact here presented" and that, consequently, they are entitled to judgment as a matter of law. *Nat'l Screen Serv. Corp.*, 305 F.2d at 651. Defendants failed to execute that burden initially, as well as under the reconsideration standard.

*Conclusion*

The effect of considering the fluctuating work week regulation and the appropriate case-law approved "half-time" damages calculation method are in this instance, the same -- whether plaintiffs' salary was intended to compensate for all hours worked is a jury question.

The Motion to Reconsider [155] is DENIED.

SO ORDERED, this the 4th day of March, 2016.

                                                      **/s/ Sharion Aycock**
                                                    **U.S. DISTRICT JUDGE**